UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 11, 2013

LETTER TO COUNSEL:

      RE:    *Shawn Christopher Duffy v. Commissioner, Social Security Administration*;
             Civil No. SAG-12-3027

Dear Counsel:

On October 11, 2012, the Plaintiff, Shawn Christopher Duffy, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Duffy filed his claims on February 10, 2009, alleging disability beginning on February 4, 2009. (Tr. 152-53). His claims were denied initially on July 7, 2009, and on reconsideration on February 3, 2010. (Tr. 82-85, 87-90). A hearing was held on May 3, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 22-57). Following the hearing, on May 5, 2011, the ALJ determined that Mr. Duffy was not disabled during the relevant time frame. (Tr. 6-21). The Appeals Council denied Mr. Duffy's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that through the date last insured, Mr. Duffy suffered from the severe impairments of bipolar disorder, anxiety, and personality disorder. (Tr. 11). Despite these impairments, the ALJ determined that Mr. Duffy retained the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: unskilled, routine and repetitive tasks; essentially isolated with only occasional supervision." (Tr. 13). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Duffy was able to perform work existing in significant numbers in the national economy, and that he was not therefore disabled during the relevant time frame. (Tr. 15-16).

Mr. Duffy presents two primary arguments on appeal: (1) the ALJ erred in the assignments of weight to the medical sources; and (2) the ALJ erred in considering his GAF scores. His arguments lack merit.

First, Mr. Duffy alleges that the ALJ afforded inadequate weight to the opinion of his treating physician, Dr. Cumming, and the diagnosis made by the consultative examiner, Dr. Cascella, and instead relied too heavily on the opinion of a non-examining state agency consultant, Dr. Suansilppongse. Pl. Mot. 4-7. Dr. Cumming opined that Mr. Duffy suffered from severe, recurrent major depression and marked limitations in social functioning. (Tr. 399-410). Although the opinion of a treating physician can be entitled to controlling weight, such an opinion is not entitled to such weight if it is inconsistent with the other substantial evidence of record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). First, it is important to note that even with the finding of a "marked" limitation in the area of social functioning as suggested by Dr. Cumming, Mr. Duffy would not have the required findings to establish that his disability met any potentially applicable Listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06, and 12.08 (requiring marked limitation in at least two functional areas, or one marked limitation plus a finding of three or more episodes of decompensation of extended duration). Second, the ALJ provided substantial evidence supporting his decision to assign only limited weight to Dr. Cumming's opinion regarding social functioning. Specifically, the ALJ noted that Mr. Duffy "tends to his own needs and has been able to hold employment for significant periods of time," and testified at the hearing that he would likely be able to work as a janitor but had not applied for such a position. (Tr. 14-15, 49-50). Moreover, the ALJ cited to medical records suggesting that medication improved Mr. Duffy's level of irritability. (Tr. 15). My role is not to reweigh the evidence or to substitute my own judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Under that standard, the assignment of weight to Dr. Cumming should be affirmed.

Moreover, the ALJ's consideration of the records from Dr. Cascella and Dr. Suansilppongse was also appropriate. The ALJ in fact relied on evidence from Dr. Cascella's report to substantiate his finding of moderate difficulties in social functioning. (Tr. 12). Although Dr. Cascella diagnosed "major depressive disorder," (Tr. 376), that diagnosis alone does not correspond to any particular level of work-related social functioning, and does not inherently corroborate any of Dr. Cumming's conclusions. The ALJ assigned "great weight" to Dr. Cascella's overall conclusions, which included that Mr. Duffy was alert and cooperative, irritable in mood, demonstrated fair insight and judgment, and would be able to manage his own benefits. (Tr. 376-77). With respect to Dr. Suansilppongse, there was no error in assigning substantial weight to his opinion. The law recognizes that state agency medical sources are "highly qualified physicians, psychologists, and other medical specialists who are experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). Moreover, the ALJ did not rest his decision entirely on Dr. Suansilppongse's assessment, as he also assigned "great weight" to Dr. Cascella's report as addressed above.

Although not enumerated as a separate argument, Mr. Duffy also raises a contention that the VE, on cross-examination, testified that a person with his limitations would be unable to work. Pl. Mot. 8. In fact, the hypothetical posed by Mr. Duffy's counsel was (1) not readily

understandable, as evidenced by the reaction of the VE,[1] and (2) derived from an unknown source. It appeared that Mr. Duffy's counsel was suggesting that his impairment in social functioning would preclude work twenty percent or more of the time, which does not seem to be substantiated in the medical evidence or related to the RFC providing for an "essentially isolated" position. Regardless, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). The ALJ therefore did not need to accept VE testimony in response to a hypothetical question posed by counsel, particularly one with so many difficulties.

Mr. Duffy's final argument is that the ALJ improperly relied on GAF scores in assessing his mental RFC. Pl. Mot. 8-9. It is well established that GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue,* Case No. JKS-09-2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010). However, nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record. *See, e.g., Kozel v. Astrue,* No. JKS-10-2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012) ("[E]ven though a GAF score is not determinative of whether a person is disabled under SSA regulations, it may inform an ALJ's judgment."). Although Mr. Duffy cited to the Federal Register in support of his contention that GAF scores could not be considered, Pl. Mot. 9, the language he cited does not appear in any final rules, regulations, or agency opinions, and is therefore not persuasive authority. Moreover, the ALJ considered not only Mr. Duffy's GAF scores but also his testimony, the records of his consultative examination, and his treatment records and opinion evidence from his treating physician. (Tr. 14-15). In light of the ALJ's complete and thorough assessment of the record, the discussion of GAF scores does not warrant remand.[2]

---

[1] The colloquy was as follows:

> Q: If the medical evidence showed this person had such extreme difficulty with getting along with people, and they were only exposed 20% of the time to either being given instructions, directions or being around other people, what effect would that have?
>
> A: Are you saying the work is – these difficulties are work-preclusive 20% of the time?
>
> Q: 20 or 20% or more.
>
> A: That would preclude work. In other words you are saying the difficulties are going to preclude . . .
>
> Q: Correct.

(Tr. 51-52).

[2] Mr. Duffy also contests the accuracy of the GAF scores determined by the medical professionals. Pl. Mot. 9. In the absence of evidence from another medical professional to substantiate his lay position, it lacks probative value.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 17) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge